UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH J. MOUTON(#328541)

VERSUS                                                      CIVIL ACTION

PETER JOHN, ET AL                                           NUMBER 11-225-BAJ-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 7, 2011.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH J. MOUTON(#328541), ET AL

VERSUS                                                CIVIL ACTION

PETER JOHN, ET AL                                     NUMBER 11-225-BAJ-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff Kenneth J. Mouton, an inmate confined at Tensas Parish Detention Center, Waterproof, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against attorney Peter John and the O'Neal Legal, L.L.C. Law Firm on behalf of himself, his wife and his children. Plaintiff alleged that John committed legal malpractice in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989);

*Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that in November 2005, he hired John, an attorney with the O'Neal law firm, to represent him on direct appeal of his criminal armed robbery and criminal damage to property convictions. Plaintiff alleged that John failed to file the appeal timely and that the appeal was later denied. Plaintiff alleged that John filed an application for post-conviction relief which was also denied. Plaintiff alleged that John assured him that he sought writs on the denial of his post-conviction relief application in the Third Circuit Court of Appeals, but plaintiff later learned that a writ application was not filed.

Plaintiff's allegations that his counsel committed legal malpractice may not be pursued through § 1983. An attorney, whether retained or appointed in any proceeding, owes his only duty to his client and not to the public or the state. *Polk County v.*

*Dodson*, 454 U.S. 312, 102 S.Ct. 445 (1981). Because a private attorney's role is independent from the role of the state, the attorney's conduct, by mere representation of his client, is not chargeable to the state. *Hill v. McClellan*, 490 F.2d 859 (5th Cir. 1974). A private retained attorney does not act under color of state law and cannot be held liable under the Civil Rights Act in the absence of an actionable conspiracy. *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978). Plaintiff has not alleged that the defendant conspired with any state official to deprive him of his rights.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and without prejudice to any state law claim.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and without prejudice to any state law claim.

Baton Rouge, Louisiana, April 7, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE